IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PRASHANTH C. SAI RANGA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:08cv694-TMH |
| ) | (WO) |
| MICHAEL CHERTOFF, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *Bivens* action[1] on August 22, 2008. At the time he filed his complaint, Plaintiff was an immigration civil detainee at the Federal Detention Center in Oakdale, Louisiana. On September 2, 2008 (Doc. No. 7), this court entered an order instructing Plaintiff to provide the clerk's office with the correct address of one of the named defendants on or before September 17, 2008, or the defendant would be dismissed as a party to this suit. On September 11, 2008, the mail containing Plaintiff's copy of the September 2 order was returned to the court marked "returned to sender – refused – unable to forward." It has come to the court's attention that Plaintiff is no longer at the most recent address he provided to the court, that he has departed the United States, and that his current location is unknown.

All parties have an affirmative duty to inform this court of any change of address

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

during the pendency of their actions. Plaintiff received notice of this requirement in the court's August 26, 2008, order of procedure. (Doc. No.3 at p. 5, ¶5(h)). On October 7, 2008, this court entered an order directing Plaintiff to inform the court of his current address. (Doc. No. 12.) The court specifically cautioned Plaintiff that his failure to comply with the October 7 order would result in a recommendation that this case be dismissed. (*Id*. at 2.) The requisite time has passed, and Plaintiff has filed nothing in response to the court's order. Consequently, the court concludes that dismissal of this case is appropriate at this juncture.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that on or before **November 4, 2008**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of October, 2008.

                                                  /s/Wallace Capel, Jr.
                                   WALLACE CAPEL, JR.
                                   UNITED STATES MAGISTRATE JUDGE